UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: CV – 043997 DSD/SRN

| | |
|---|---|
| Edward Kivel and Lisa Mensing-Kivel,<br><br>                Plaintiffs,<br>v.<br><br>WealthSpring Mortgage Corporation,<br><br>                Defendant. | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO AMEND COMPLAINT TO PLEAD PUNITIVE DAMAGES** |

**INTRODUCTION**

This is an action brought by Plaintiffs Edward Kivel and Lisa Mensing-Kivel (the "Kivels") for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA"); Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325F.69 ("CFA"); Minnesota's Residential Mortgage Originator and Servicer Licensing Act; Minn. Stat. § 58.13 ("RMOSLA"); Minnesota's statute on Interest Rate Discount Point Agreements; as well as a common-law breach of contract.

The Kivels seek leave of this court to amend their Complaint to plead punitive damages. The prima facie evidence presented below firmly establishes that the Kivels are entitled to the right to allege such damages. In pursuit of greater profits, Defendant WealthSpring Mortgage Corporation ("WealthSpring") and its employees intentionally violated both Federal and Minnesota law in reckless disregard of the fact that these actions would harm the Kivels' statutory rights.

1

**FACTS AND PROCEDURAL POSTURE**

After an initial "cold call" solicitation, WealthSpring Employee Blake Hayden contacted the Kivels on March 9, 2004 to arrange the details for refinancing the Kivels' home mortgage. Plaintiffs' Affidavit ¶¶ 1 & 2.  By telephone, Hayden and the Kivels reached a refinancing agreement with the following terms: a $325,000 loan at 4.875% APR, with no closing costs. Plaintiffs' Affidavit ¶ 3.  On March 12, 2004, Hayden and the Kivels met in person and generated two documents regarding the agreement: a "Rate Lock Agreement" ("RLA") and a Good Faith Estimate ("GFE.")  Plaintiffs' Affidavit ¶ 4.  Hayden left without giving a copy of either document to the Kivels. Plaintiffs' Affidavit ¶ 4.

On or around March 23, 2004, Defendant intentionally increased the Kivels' requested loan amount by $4500 (without the Kivels' permission) and uploaded this inflated figure with other application information to the mortgage lender Interfirst's computer system.  Plaintiffs' Affidavit ¶¶ 5 & 6.  The Kivels realized that they had not received any documentation regarding their loan, especially a copy of either the RLA or the GFE.  Plaintiffs' Affidavit ¶ 8.  Between March 12 and May 5 of 2004, Plaintiffs made repeated requests to receive a copy of their RLA and GFE, but Defendant continuously failed to provide these.  Plaintiffs' Affidavit ¶ 8.  During this period, Defendant was aware, or should have been aware, of its TILA requirement to provide these documents.  Plaintiffs' Affidavit ¶ 9.

As the Kivels began inquiring about the status of their application, Defendant told them repeatedly that the lender InterFirst had denied the Kivels' application.  Plaintiffs' Affidavit ¶ 11. However, in making these statements, Defendant was fully aware that InterFirst had definitely

not denied the Kivels' application.  Plaintiffs' Affidavit ¶ 11.  The Kivels contacted InterFirst directly and were explicitly told by InterFirst that their loan had not been denied.  Plaintiffs' Affidavit ¶ 16.  The Kivels confronted Defendant with this information, but Defendant continued to insist that the loan had been denied.  Plaintiffs' Affidavit ¶ 16.  On May 5, 2004, Defendant actually created false documentation which purported to show that InterFirst had denied the Kivels' application.  Plaintiffs' Affidavit ¶ 21.

Defendant, on several occasions, told the Kivels that their application had been denied because of a problem with a soil and septic contamination.  Plaintiffs' Affidavit ¶ 12.  The Kivels obtained data from the Minnesota Department of Health ("MDH") and determined that no contamination existed that would have any bearing on the ability to refinance their home. Plaintiffs' Affidavit ¶ 14.  The Kivels even arranged for a MDH official to communicate this fact directly to Defendant's employee Blake Hayden.  Plaintiffs' Affidavit ¶ 14.  However, Hayden denied any receipt of this information and continued to assert that the alleged contamination would negatively impact the Plaintiffs' property value. Plaintiffs' Affidavit ¶ 14.

On May 1, 2004, the Kivels personally delivered to Defendant's a written request that they be provided with a copy of all documentation relating to their loan application.  Plaintiffs' Affidavit ¶ 20.  Later that day in a telephone conversation, Hayden threatened to Mr. Kivel that the Kivels' existing home loan would become due and that the Kivels would not be able to find any other alternate financing for the property.  Plaintiffs' Affidavit ¶ 20.  This threat was made in retaliation of the Kivel's earnest attempt to have Defendant comply with state and federal law regarding their application.  Plaintiffs' Affidavit ¶ 22.

**ARGUMENT**

I.   THE LEGAL STANDARD FOR AMENDING TO PLEAD PUNITIVE DAMAGES

> Upon commencement of a civil action, the complaint must not seek punitive damages. After filing the suit a party may make a motion to amend the pleadings to claim punitive damages. The motion must allege the applicable legal basis under section 549.20 or other law for awarding punitive damages in the action and must be accompanied by one or more affidavits showing the factual basis for the claim. At the hearing on the motion, if the court finds prima facie evidence in support of the motion, the court shall grant the moving party permission to amend the pleadings to claim punitive damages. For purposes of tolling the statute of limitations, pleadings amended under this section relate back to the time the action was commenced.

Minn. Stat. § 549.191.

In the Federal District of Minnesota, "the pleading of punitive damage claims, under causes of actions premised upon the law of the state of Minnesota, must generally conform to the requirements of Minnesota Statutes Sections 549.191 and 549.20." Berczyk v. Emerson Tool Company, 291 F.Supp. 2d 1004, 1008 (D. Minn. 2003)(quoting Olson v. Snap Products, Inc., 29 F.Supp. 2d 1027, 1034 (D. Minn 1998)(internal punctuation omitted).

To successfully plead punitive damages, the plaintiff must only allege an applicable factual and legal basis, and support the factual allegations with an accompanying affidavit. Minn. Stat. § 549.191. At the pleading stage, the alleged facts need only meet a burden of establishing a prima facie threshold. Minn. Stat. § 549.191. "Prima facie evidence is evidence which, if unrebutted, would support a judgment in the party's favor." McKenzie v. Northern States Power Co., 440 N.W.2d 183, 194 (Minn. Ct. App. 1989.)

In deciding this motion, the Court should not make any credibility ruling, or consider any

challenge to the Plaintiff's proof. (quoting <u>Swanlund v. Shimano Indus. Corp.</u>, 459 N.W.2d 151, 154 (Minn. App. 1990). The Court should also disregard any evidence submitted in opposition on this motion. <u>Northwest Airlines, Inc. v, American Airlines, Inc.</u>, 870 F.Supp. 1499, 1503 (D. Minn. 1994.) Ultimately, the Court should only determine whether the Plaintiffs are entitled to *allege* such damages, not whether the Plaintiffs are actually entitled to them. <u>Ulrich v. City o Crosby</u>, 848 F.Supp. 861, 867 (D. Minn. 1994.)

II.  PLAINTIFF HAS ALLEGED AN APPLICABLE LEGAL BASIS FOR PUNITIVE DAMAGES.

> Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others. A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
> > (1) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the rights or safety of others; or
> >
> > (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. § 549.20, subd. 1(b).

In the following section, Plaintiffs make factual allegations supported by affidavit that, if sustained in trial, will prove that WealthSpring deliberately proceeded in either conscious or intentional disregard of, or with indifference to, the fact that its actions created a high probability of injuring the Plaintiffs' statutory rights.

III.  PLAINTIFFS HAVE ALLEGED A PRIMA FACIE FACTUAL BASIS THAT, IF UNREBUTTED, WOULD CONSTITUTE CLEAR AND CONVINCING EVIDENCE THAT PUNITIVE DAMAGES ARE WARRANTED.

As a functioning creditor, banker and lender, the Defendant was aware or should have

been aware, of its obligations, under both federal and state law, to provide the Kivels with a copy of their RLA and GFE within three days of generating these documents.  Plaintiffs' Affidavit ¶ 1.  Moreover, the Kivels made repeated attempts to have Defendant send these documents, but were repeatedly rebuffed without any good or rational reason.

Beyond this, Defendant also repeatedly lied to the Kivels by asserting that a contamination problem had cause the loan application to be denied.  Plaintiffs' Affidavit ¶¶ 12 - 16.  The Kivels investigated this assertion and were conclusively informed that no contamination existed that would affect their loan application.  Id.  The Kivels arranged for this information to be sent directly to Defendant from the Minnesota Department of Health.  Id.  Nevertheless, Defendant continued to lie and deceive the Kivels.  Id.  Moreover, throughout this entire period, Defendant was fully aware that Interfirst had provided loans to other families with homes in the exact same "contaminated" area.  Id.

When the Kivels began to actively pursue the documents, to which they had a right by statute, the Defendant responded by actually stating that the Kivels would lose their current loan and be unable to refinance - essentially a threat to the Kivels that they would lose their home.  Plaintiffs' Affidavit ¶ 20 & 22.  Ultimately, Defendant went so far as to produce false documents in order to substantiate the various lies and deceptions it had been giving to the Kivels.  Plaintiffs' Affidavit ¶ 21.

The Kivels allege, and will be able to prove, that Defendant deliberately took the aforementioned course of action with the intent of letting the Kivels' RLA expire so that Defendant could escape its contractual agreement.  Plaintiffs' Affidavit ¶ 23.  The Kivels will prove that, as alleged in the five counts of the Plaintiffs' Complaint, this same course of action

violated the Kivels' rights provided by federal and state law.  See Plaintiff's Complaint, generally.  Lastly, Defendant, being aware of the Kivels' statutory and common law rights, acted in deliberate disregard of the fact that its own actions were highly likely to injure these rights.

## CONCLUSION

In this request to amend their Complaint to include punitive damages, the Kivels have provided this Court with prima facie evidence, supported by affidavit, that the actions of Defendant WealthSpring Mortgage Corporation demonstrate deliberate disregard for the Kivels' rights.  Specifically, Defendant ignored repeated requests to provide documents to the Kivels as required by the TILA.  Defendant also deliberately, and in bad faith, misrepresented to the Kivels that their loan application was denied and then threatened to effectually take the Kivels' home from them.  Ultimately, the complete and total disdain demonstrated by Defendant for the Kivels' rights strongly invokes the statutory language of Minn. Stat. § 549.20.

Plaintiffs have met their prima facie burden in presenting evidence that, if unrebutted, would clearly and convincingly, satisfy the statutory requirement for awarding punitive damages against Defendant.  Minn. Stat. § 549.20.  Therefore, pursuant to Minn. Stat. § 549.191, this Court should grant Plaintiffs' motion to amend their complaint to allege punitive damages.

Dated:   July 21, 2005_____  

By: s/ John H. Goolsby_____  
**THOMAS LYONS & ASSOCIATES P.A.**  
Thomas J. Lyons, Sr. # 65699  
342 East County Road D  
Little Canada, Minnesota 55117  
Telephone: 651-770-9707  

**CONSUMER JUSTICE CENTER, P.A.**  
Thomas J. Lyons, Jr. # 0249646

John H. Goolsby, # 0320201
342 East County Road D
Little Canada, Minnesota 55115
Telephone: 651-770-9707

Attorneys for Plaintiffs